**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**VIRGINIA HAGAN,**
                    **Plaintiff**

v.                                               **Civil Action No.**
                                                         **5:00CV133-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                    **Defendant**

**MEMORANDUM OPINION**

     This case presents plaintiff Virginia Hagan's challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. The matter is before the Court on plaintiff's objections to the proposed findings and recommendations of the United States Magistrate Judge. After considering de novo those matters that are the subject of specific written objection, the Court is of the opinion that the recommendation of the United States Magistrate Judge should be adopted and the decision of the Commissioner should be affirmed.

     Ms. Hagan filed her original applications in June of 1997, alleging that she had been unable to engage in any substantial gainful employment since March of 1997. She filed a new application for supplemental security income payments in February of 2000. In November of 2000, the District Court granted her motion to remand for consideration of new evidence. In August of 2001, an Administrative Law Judge conducted a new hearing, and determined that Ms. Hagan suffered from severe impairments that prevented her from performing any of her past

relevant work, but that she retained the residual functional capacity to perform a significant range of light work.

Ms. Hagan objects that the ALJ erred in evaluating her mental impairments. She points to the records of her treatment under the care of psychiatrist Manuel De La Rocha. Dr. De La Rocha's September 19, 2000 evaluation resulted in a diagnostic impression of bipolar disorder, and he assigned her a Global Assessment of Functioning (GAF) score of 50, which would place her on the cusp between serious and moderate symptoms.[1] Tr. 810. His Statement of Ability to do Work-Related Activities, dated April 17, 2001, reflected a number of categories in which Ms. Hagan had "no useful ability to perform," and he did not rate her ability in any category higher than "fair." Tr. 903. Such an assessment would preclude work activity.

In contrast to these statements, however, Dr. De La Rocha's office notes show steady improvement from the initial September 2000 evaluation. On November 14, 2000, Dr. De La Rocha recorded that Ms. Hagan "is feeling much better .... She acknowledges that she has improved a lot." Tr. 899. On December 19, 2000, he noted that she was "maintaining her improvement" psychiatrically. Tr. 896. On January 16, 2001, Dr. De La Rocha reported that his patient was "having only minor complaints. Most of them are physical." Tr. 894. On April 17, 2001, the same day as he completed the Statement of Ability to Do Work-Related Activities, his office notes state, "The patient's only complaint is severe headaches." Tr. 908. The social worker who did counseling with Ms. Hagan during this period reported steadily increasing

---

[1] According to the Diagnostic and Statistical Manual, a score of 41 to 50 is assigned to a patient with serious symptoms (eg suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational or school functioning (eg no friends, unable to keep a job).

ability to manage anger and depression.  E.g., Tr.   891, 895, 900.

While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion.  Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987);  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).   There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician.  Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary, 801 F.2d 847 (6th Cir. 1986).

The inconsistency between the psychiatrist's April 2001 conclusions and the treatment records (both his own and those of the social worker) was cited by the ALJ as one of the reasons for rejecting Dr. De La Rocha's April 17, 2001 conclusions.  The ALJ also noted that she has not needed hospitalization.  The ALJ noted the inconsistency of her requests for treatment, and he observed that she regularly appeared for treatment during periods when a legal decision was pending, but tended to drop her treatment once a decision was made.  Consideration of a claimant's motivation in seeking medical attention and presenting complaints is well within the province of the finder of fact.

One of the challenges in interpreting some of the mental health notes is that while they certainly establish that she suffers from depression, they also make frequent reference to physical complaints, suggesting that some of the functional impairment described by the mental health professional is actually attributable to a physical impairment.  Under such circumstances,  it is appropriate for the fact-finder to give greater weight to the opinions of the mental health professionals who address only mental health impairments and to the opinions of those physicians who are treating the claimant for her physical impairments.  For all of these reasons,

the Court is of the opinion that the ALJ set forth adequate bases for rejecting the April 17, 2001 opinion of Dr. De La Rocha, and the Court finds no error in the ALJ's treatment of the evidence regarding mental impairments.

Ms. Hagan also objects that the decision was based on inadequate vocational evidence. She bases her argument on a coupling of the Grid Rules with the vocational testimony. However, the Sixth Circuit has held that where the claimant's characteristics do not match "precisely" the characteristics in a Grid Rule, the ALJ is entitled to rely on the testimony of a vocational expert in reaching his decision. Wright v. Massanari, 321 F.3d 611, 616 (6th Cir. 2003). The testimony of the vocational expert identified a significant number of jobs that could be performed by someone with Ms. Hagan's characteristics.

Finally, Ms. Hagan objects concerning the evaluation of the opinion of treating physician Dr. Pataroque. The Court is in full agreement with the analysis set forth by the United States Magistrate Judge and will not burden the record with a duplication of that analysis.

An order in conformity has this day entered.